HARTZ, Circuit Judge,
concurring and dissenting:
I agree with much in the panel opinion. In particular, I am in full accord that “our proceeding to address whether the district court erred in invalidating the BLM’s Fracking Regulation when the BLM has now commenced rescinding that same regulation appears to be a very wasteful use of limited judicial resources.” Op. at 1142. Even if we were to decide within a relatively short period that the district court erred on the principal issue now before us, it would likely still be a long time before the Regulation could be judicially affirmed. The district court originally granted a preliminary injunction on both the ground before us and an additional ground—that the regulation was “arbitrary,, capricious, an abuse of discretion, or otherwise not in accordance with law,” and therefore invalid under 5 U.S.C. § 706(2)(A). Thus, if we reverse, the district court may well reinstate a preliminary injunction. That would certainly lead to another round of review. And the. second round could be lengthy. This round began two years ago with the original grant of a preliminary injunction. Before the second round is complete the new administration may rescind the Regulation. The Citizen Group Intervenors suggest that even so, our ruling would be useful in settling the legal issues now on appeal. But a decision by one circuit court is hardly definitive.
That presents the question of what to do while awaiting a new regulation. Should we leave in effect the district court’s order invalidating the Regulation, or should we vacate or stay that order, giving effect to the Regulation? The majority has chosen to' vacate the district court’s order. Perhaps that is the proper choice. In my view, however, we do not have adequate information to make that determination. One important, and perhaps decisive, consideration is the extent of potential harms to the parties and the public. And on the record before us, I cannot assess how much, if any, environmental risk would be created by keeping the district court’s injunction in effect or how much, if any, harm would be caused to the industry or the governmental parties by vacating the injunction. The proper institution'to make that assessment, after an evidentiary hearing,, is the district court. I would remand to that court for this purpose.
*1147 On the other hand, I would affirm the permanent injunction with respect to the Ute Indian Tribe. The Tribe has adequately raised the issues specific to it both in district court and in this court. Yet the other parties have failed to challenge the Tribe’s reasoning. I would treat that failure as a waiver and affirm judgment for the Tribe with respect to Indian lands. Resolving that matter would entail no waste of judicial resources.